UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**CHRISTOPHER DANIEL BROWN**,

        Plaintiff,

v.                               **Case No. 15-cv-237-pp**

**ROBERT B. JACHOWICZ, et al.**

        Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 26)**

---

The defendants filed a motion to dismiss on April 6, 2016. Dkt. No. 26. In support of that motion, the defendants filed a brief and two affidavits. Dkt. Nos. 27-29. They argue that the court should dismiss this case with prejudice for failure to prosecute because the plaintiff failed to appear for his noticed deposition. Dkt. No. 27 at 6. They also seek an award of costs totaling over $2,500.00 for attorney fees and court reporter charges associated with the noticed deposition. Id.; Dkt. No. 33 at 2.

Specifically, the motion states that on February 5, 2016, the defendants sent the plaintiff a notice of deposition for March 10, 2016 at their offices. Dkt. No. 27 at 2. The plaintiff responded by e-mail that he could not make that date, and asked the defendants to contact him about alternate dates. Id. The defendants sent the plaintiff an e-mail asking him to provide ten dates when he would be available for the deposition. The plaintiff told them that he could be available "during the day in the month of March." Id. The defendants told the

1

plaintiff that after 4:00 p.m. was too late, and that the March 10, 2016 deposition would not be canceled, but they also asked the plaintiff for five to ten dates that he was available. Id. at 3. They made this request again a week later, and told the plaintiff that they would not cancel the March 10 deposition if he didn't give them alternate dates. The plaintiff responded that he couldn't attend a 10:00 a.m. deposition. The defendants then "remind[ed] [the plaintiff] that in a February 10, 2016 email he stated he would be available during the day." Id. The plaintiff responded that he "should" be available during the day, and would keep the defendants informed. Id. By March 2, 2016, the defendants still hadn't received alternate dates, and told the plaintiff that the March 10 deposition had not been canceled. They reminded him again on March 9. Id. at 3-4. The plaintiff did not appear on March 10, 2016. Id. at 4.

In his response to the defendants' motion to dismiss, filed on April 14, 2016, the plaintiff indicated that he recently had been released from incarceration, and has obtained work through a staffing agency. He reports that the defendants asked him for ten dates for the deposition. He responded that he would be available any time after 4:00 p.m. Dkt. No. 31 at 1. The defendants replied that that was too late for them. The plaintiff then told them the times he was available (given his work schedule), but the defendants rejected those times. Id. He also states that he told the defendants that his work schedule would change in the near future (he'd be moved to second shift), and that at that point, he'd be better able to schedule a deposition during the

2

day. Id. The plaintiff asks the court to deny the defendants' motion and for additional time to come to come to a resolution that would permit the defendants to depose him. Id.

The defendants filed a reply brief insisting that the plaintiff never provided any alternative dates to defense counsel for his deposition and quantifying their request for costs as $2,952.00 in attorney fees and $123.65 in court reporter fees. Dkt. No. 32 at 3. For the first time in their reply brief, the defendants ask the court for alternative relief—an amended scheduling order and an order compelling the plaintiff to submit to a deposition. Id. at 3-4.

The defendants attached to their motion to dismiss several e-mails. The first one, from the plaintiff to the defendants' law firm on February 8, 2016, indicated that the plaintiff could not attend the March 10, 2016 deposition, and that the defendants would have to write to him to determine when he would be free. Dkt. No. 29-2. The defendants did that on February 9, 2016, stating, "Please advise about 10 dates that you are available for your deposition to be taken and I will review attorney Wolfgang's schedule and find a date that works." Dkt. No. 29-3. The plaintiff wrote back on February 10, 2016 at 4:40 p.m. Dkt. No. 29-4 at 1. In this message, the plaintiff stated, "As of right now anytime after 4pm. In the month of March I will be available during the day. However, I am not sure of the exact date of my work schedule change just yet. Please let me know if that time is to late for you." Id. The actual response e-mail from the defendants stated,

3

> After 4pm is late for our Attorneys to do a deposition. Please advise, as soon as you know, what dates in March you will be available. At this time I will NOT cancel the deposition that is currently scheduled for March 10, 2016 just in case that date does work with your new schedule. Giving at least 5 to 10 dates that you have availability will assist us greatly if rescheduling is needed. Please keep in mind that this deposition must be completed prior to April 15, 2016.

Dkt. No. 29-5 at 1. The plaintiff's February 18, 2016 2:45 p.m. response (after another reminder e-mail) stated, "I will not be able to make any appointment at 10am." Dkt. No. 29-7 at 1. After the defendants sent another e-mail, noting that the plaintiff had told them he'd be available during the day in the month of March, the plaintiff responded on February 19, 2016 at 5:09 p.m. with the following message:

> Let me be more clear, I should be available during the day. I am working a temp to hire job and I cannot afford to miss a day. I believe my work schedule will change soon and thus make me available for a day time appointment, but I cannot get a direct answer from this job. I will keep you posted.

Dkt. No. 29-9 at 1. While the plaintiff sent the defendants other e-mails before the March 10 deposition date, none of those other e-mails provided alternative dates or addressed the issue of scheduling the deposition.

On May 31, 2016, the defendants filed a motion for summary judgment, pursuant to the court's original scheduling order entered December 28, 2015. Dkt. Nos. 35, 20.

Although the court has the power to dismiss a case with or without prejudice for lack of diligence, the court will not exercise that power under these circumstances. The e-mail chain, read in its entirety, demonstrates a

4

series of miscommunications and crossed wires. After he received the notice of March 10, 2016 deposition, the plaintiff clearly responded that he could not make the March 10 date. The plaintiffs then asked him to give them ten dates that would work for him. Admittedly, the plaintiff's response was confusing—he told the defendants that "as of now"—presumably February 10, the day he sent the message—he was available any time after 4:00 p.m., that in the month of March he would be available during the day, but that he wasn't sure of the exact date of his work schedule change. One can infer from that message that the plaintiff would be available only after 4:00 p.m. during the month of February, but that his work schedule would change sometime near the end of February or early March, and that then he'd be available during the day. But that's not exactly what the message says, and the plaintiff already had told the defendants that he couldn't attend on March 10.

The defendants (actually, a paralegal in the defendants' law office) responded that the attorneys wouldn't conduct depositions after 4:00 p.m., and that she was going to leave the March 10 date on the calendar just in case the plaintiff's work schedule changed in such a way that he could attend. She also asked him to give five to ten alternative dates that would work for him. Rather than providing alternative dates, the plaintiff responded that he could not attend any deposition scheduled at 10:00 a.m. The paralegal, going back to the plaintiff's February 10 message, reminded the plaintiff that he'd said he'd be available during the day in March. On February 19, perhaps realizing that his

5

February 10 message had been a bit confusing, the plaintiff responded that he was working a temp job and couldn't miss a day of work, but that he anticipated that his schedule was going to change and he'd keep the defendants updated.

It is true that none of the plaintiff's e-mails contained alternate dates, as the defendants had requested. Apparently, however, the defendants (or the paralegal) didn't consider the possibility that the plaintiff didn't provide alternative dates because his work schedule never changed. He told the defendants that he could not make the March 10 date. He told them that he could not make any deposition scheduled at 10:00 a.m. He told them that he'd let them know when his work schedule changed. The plaintiff gave the defendants two options: (1) schedule the deposition for a time after 4:00 p.m., or (2) schedule a deposition after whatever date the plaintiff's work schedule changed.

Perhaps it would have helped improve communications if the plaintiff had, each time the defendants sent him another e-mail, responded by saying, "My work schedule STILL hasn't changed. I STILL cannot attend the March 10 deposition." Perhaps it also would have helped if the defendants had said to the plaintiff, "Because you can't attend the March 10 deposition, we'll take the hearing off the calendar. If we don't hear from you with alternative dates by [a date certain], we'll ask the court to help us find a date that works or all of us." Instead, the defendants insisted on keeping the deposition on a date they knew

6

the plaintiff could not attend, and incurring the costs of setting up a deposition they knew would not take place. The costs they incurred are based on that decision, not on any lack of diligence on behalf of the plaintiff.

Further, the court notes that the March 10 deposition date upon which the defendants insisted was some fifty (50) days before the discovery cut-off. The defendants could have moved the deposition date to a date later in March, or even into early April. Instead, they filed the instant motion to dismiss on April 6, 2016—nine days before the date they told the plaintiff that his deposition had to be completed, and over three weeks from the deadline for completing discovery. The court expects that counsel for the defendants has a busy practice and can't just conduct a deposition on a moment's notice, on any day. But as of the date of the plaintiff's last message to the defendants about the deposition (February 19, 2016), the defendants had a seventy-day window in which to reschedule the deposition—time to ask for the court's assistance, if they felt that was what was needed. The defendants' choice to hold the deposition despite the plaintiff's inability to appear does not warrant the harsh sanction of fees and costs.

The fact remains, however, that the defendants remain entitled to take the plaintiff's deposition, if they still wish to do so. Because the plaintiff brought this lawsuit, he cannot avoid being deposed simply by saying, "I work all the time and can't be deposed." By the same token, the defendants should take into account that it is difficult enough for a person who has recently been

7

released from prison to find a job, much less to be able to take time off of it. The parties should work together to determine a mutually agreeable date and time for the plaintiff's deposition.

If the defendants decide they still wish to take the plaintiff's deposition, and would like to incorporate the information they obtain at that deposition into their May 31, 2016 motion for summary judgment, they should, within ten (10) days of this order, file a motion asking to withdraw their motion for summary judgment. If they do so, the court will provide a new deadline for dispositive motions.

The court **DENIES** the defendants' motion to dismiss. Dkt. No. 26. The parties should work together to determine a mutually agreeable date and time for the plaintiff's deposition.

Dated in Milwaukee, Wisconsin this 30th day of June, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge